**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| DONALD N. SCHLUPP | : | Civil Action No. 05-5236 |
| | : | |
| | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                     **May 18, 2006**

Donald N. Schlupp brings this appeal from the Bankruptcy Court's September 2, 2005, Memorandum and Order.  For the reasons that follow, I will deny the appeal.

**I.       BACKGROUND**

On May 13, 2005, at approximately 11:40 a.m., Donald N. Schlupp ("Debtor") arrived at the Bankruptcy Court to file the sixth bankruptcy petition between him and his wife since 2001.  The purpose of the filing was to stop a Sheriff Sale of his residence that was scheduled for 11:00 a.m. in Bucks County.  The property sold at approximately 11:25 a.m.

On May 27, 2005, the Buyers of the residence filed a motion for relief from the automatic stay in order to attempt to file an ejectment proceeding against the Debtor and his wife. ("the Debtors")  On June 7, 2005, Select Portfolio Servicing, Inc., ("SPS") the owner of the mortgage, filed a motion seeking permission to foreclose on the residence and to dismiss the bankruptcy case with a 180-day bar on the Debtors ability to refile any further bankruptcy proceedings.  Both motions were heard by the Bankruptcy Court on July 19, 2005.

On September 2, 2005, the Bankruptcy Court issued a Memorandum and Order rejecting all of the Debtors' contentions, granting SPS's motion to dismiss with the bar against further filings, and holding that it was "no longer necessary" to consider the Buyers' motion.  The Debtors then filed the present appeal from the Bankruptcy Court's decision on October 4, 2005, in this court.

## II.   STANDARD of REVIEW

This court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a)(1). The standard of review for a District Court sitting in review of a Bankruptcy Court decision is "clearly erroneous" with regard to factual findings, and plenary with regard to legal findings.  See, e.g. American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76 (3d Cir. 1999); FED. R.BANKR. PROC. 8013.

## III.   DISCUSSION

The Debtors argue that Chief Bankruptcy Judge Diane Sigmund erred in her September 2, 2005, decision by: 1) incorrectly granting relief to SPS when it lacked standing; 2) finding that SPS did not fail to respond to the Debtors' Qualified Written Request ("QWR") to stay the Sheriff's sale; 3) finding the Debtors failed to file their petition prior to the Sheriff's sale; and 4) by finding the Sheriff's sale was not an avoidable preference.  All four of the Debtors' arguments were thoroughly addressed in the Bankruptcy Court's opinion.  I will analyze each argument individually.

### A.      SPS had Standing

According to 11 U.S.C. § 362(d), relief from a stay in bankruptcy may be granted upon request of a "party in interest."  Under 11 U.S.C. § 1307, a court may also convert or dismiss a case upon request of a "party in interest."  While "a party in interest" is not defined in the code, it includes creditors.  See Rosyn Savings Bank v. Comcoach Corporation (In re Comcoach Corporation), 698 F.2d 571, 573-74 (2d Cir. 1983).

In this case, as the Bankruptcy Court correctly points out, SPS held a valid mortgage that could not be paid due to a stay placed on the Sheriff's sale.  By challenging the validity of the Debtors' stay, SPS hoped to receive the proceeds of the sale.  Clearly, SPS was an interested party in the outcome of the Debtors' bankruptcy proceeding.

### B.      The Mortgagee did not Fail to Respond to the Debtors' Qualified Written Request

According to the Debtors, their former counsel sent a QWR on April 6, 2005, to a third party whom he believed held the mortgage to the residence.   The Debtors claim that that communication gives rise to a colorable argument that they supplied adequate notice of their bankruptcy, and because the mortgager never responded to the QWR the Bankruptcy Court is required under the Real Estate Procedures Act, 12 U.S.C. § 2605(e) ("RESPA") to set aside the Sheriff's sale.

The Bankruptcy Court found the Debtors' evidence regarding the alleged QWR insufficient to prove it was either sent or received.  The Bankruptcy Court also found an absence of legal precedent to support the Debtors' contentions.  Further, the Debtors

agree that SPS owned the mortgage at the time the alleged QWR was supposedly mailed

to the unrelated third party.

In this case, there is nothing, either in the court opinion or in the appeal, to support

the Debtors' argument on this point.  The Bankruptcy Court made a factual determination

that the alleged QWR was wholly insufficient and that Debtors' argument lacked legal

merit.  I find no reason to upset that holding.

**C.      There is No Evidence that the Debtor's Filed Before the Sheriff's Sale**

The Debtors argue that their bankruptcy petition should be deemed to have been

"filed" at the time Mr. Schlupp left his house for the courthouse.  This argument is devoid

of all merit.  There is absolutely no legal support for such a contention.  In this case, the

facts established by the Bankruptcy court are clear: the Debtors failed to file their petition

prior to the Sheriff's sale.  There is no reason to disturb that finding through this appeal.

**D.      A Sheriff's Sale is not an Avoidable Preference**

Although the Debtors attempt to convolute this issue as much as possible, the law

could not be clearer.  Sheriff's sales, like the one in this case, are not avoidable

preferences.  In Re Rocco, 319 B.R. 411, 416-19 (W.D. Pa. 2005).

**IV.   CONCLUSION**

I find the Debtors' appeal lacks both legal and factual merit.  An appropriate order

denying the appeal follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF:           :
                            :
DONALD N. SCHLUPP           :          Civil Action No. 05-5236
                            :
                            :

<u>ORDER</u>

**AND NOW**, this 18th day of May, 2006, upon careful consideration of Donald N.

Schlupp's Appeal from the Bankruptcy Court Order (Document # 1), and his supporting

briefs, it is hereby **ORDERED** that the Appeal is **DENIED**.  The Clerk of Court shall

mark this case closed for all purposes.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.